I respectfully dissent.
Simply stated, the primary issue for consideration, as couched in the first assignment of error, is whether the medical opinions of Nancy Smith's treating physicians — Dr. Thomas Chelimsky, an autonomic nervous system expert, Dr. John Wilber, an orthopedic surgeon, Dr. Bashar Katririj, an neurologist, Dr. Angela Smith, a pediatric orthopedic specialist, and Dr. Jeff Janata, a psychologist — which opinions are contained within her University Hospital medical chart, may be read into evidence by her treating neurologist, Dr. David M. Riley.
There are several reasons why I believe the majority in permitting this practice has incorrectly ruled upon this assignment of error. R.C. 2317.40
states in part:
 * * * A record of an act, condition, or event, in so far as relevant, is competent evidence if the custodian or the person who made such record or under whose supervision such record was made testifies to its identity and the mode of its preparation, and if it was made in the regular course of business at or near the time of the act, condition, or event, and if, in the opinion of the court the sources of information, method, and time of preparation were such as to justify its admission.
In my view, Riley is neither the custodian of the records nor the person who made such records. Accordingly, those opinions do not constitute competent evidence under this statute.
Further, although the majority goes to great lengths to urge that Ohio Evidence Rule 803(6) means what it does not say, the rule specifies in relevant part:
 A memorandum, report, record, or data compilation, in any form, of acts, events, or conditions, made at or near the time by, or from information transmitted by, a person with knowledge, if kept in the course of a regularly conducted business activity, and if it was the regularly conducted business activity, and if it was the regular practice of that business activity to make the memorandum, report, record, or data compilation, all as shown by the testimony of the custodian or other qualified witness * * *, unless the source of information or the method or circumstances of preparation indicate lack of trustworthiness. (Emphasis added).
In addition, the majority in its first footnote simply rejects the sound analysis of Bush v. Burchett (June 13, 1995), Athens App. No. 94CA2237, unreported, where the court found that when Dr. Wise read from a letter written by Dr. Quenemoen expressing a medical opinion, the testimony constituted impermissible diagnosis and opinion outside any recognized exception to the hearsay evidence rule. See also Carter v. Cleveland (May 8, 1997), Cuyahoga App. No. 70674, unreported, where our court pointed out that Ohio's Evidence Rule 803(6) does not provide an exception to the hearsay rule for out-of-court medical opinion or diagnoses.
Finally, even the staff note to Evid.R. 803(6) specifies that the rule differs from Federal Evid.R. 803(6) in that the phrase opinions or diagnoses has been deleted from the Ohio rule. For the majority in this case to now re-introduce into Ohio Evid.R. 803(6) language which does not appear in the rule and to determine, contrary to reported case authority that the rule means what it does not say is in may view error.
The correct rule of law to be applied in this circumstance in accordance with the foregoing case authority is that Ohio Evid.R. 803(6) does not permit opinions and diagnoses found in business records to be admitted into evidence.
Accordingly, I dissent. I would reverse the judgment and remand the matter for a new trial.